UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JOSE MODESTO PERDOMO ROSA et al.,**
**Plaintiff**                                           **CIVIL NO. 02-2114 (DRD)**

v.

**CORNING CABLE SYSTEMS, AND/OR**
**CORNING CABLE P.R. INC. et al.,**
**Defendants**

**OPINION AND ORDER**

Pending before the Court is defendants' *Motion to Modify Opinion and Order* (Docket No. 57). Defendants request the Court to modify its *Opinion and Order* (Docket No. 55) wherein the Court adopted *in toto* the Magistrate Judge Report and Recommendation (Docket No 51) and denied defendants' *Motion for Summary Judgment* (Docket No. 33). For the reasons stated hereinafter defendants' *Motion to Modify Opinion and Order* (Docket No. 57) is hereby **GRANTED in part and DENIED in part.**

Plaintiffs filed a complaint, pursuant to the provision of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2002e et seq. (hereinafter "Title VII"); 42 U.S.C. § 1981a; and Act 100 of June 30, 1959 as amended, 29 P.R. Laws Ann. § 146 et seq., against defendant Corning Cable Systems and/or Corning Cables P.R. Inc. (hereinafter Corning) claiming that he was discriminated against for reason of race.(Amended Complaint, Docket No. 3). On January 30, 2004, Corning filed a motion for summary judgement (Docket No. 33) which was opposed by Perdomo on March 29, 2004 (Docket No.37). On May 4, 2004, the court referred defendants' *Motion for Summary Judgement* (Docket No. 33) to Magistrate Judge Justo Arenas for a Report and Recommendation (Docket No. 46) which was issued on August 24, 2004 (Docket No. 51). Timely objections to the R & R were filed by the co-defendants (Docket No. 52) to which the plaintiffs tendered a reply (Docket No. 53). On

September 30, 2004 this Court issued its *Opinion and Order* (Docket No. 55) in which it adopted *in toto* the Magistrate's Report & Recommendation and denied defendants' motion for summary judgement. Defendants filed a *Motion to Modify Opinion and Order* on October 13, 2004, (Docket No. 57) alleging that a timely *Motion Requesting Leave to File a Tendered Reply to Plaintiff's Response to Defendant's Objections to the Report and Recommendation* (Docket No. 54) was filed and not considered by the Court at the time the Opinion and Order was issued.

Defendants now requests the Court to adopt their *Motion Requesting Leave to File a Tendered Reply to Plaintiff's Response to Defendant's Objections to the Report and Recommendation* (Docket No. 54) as a reconsideration, since it was filed the same day the Court issued its *Opinion and Order* (Docket No. 55) and therefore not considered; consequently, plaintiff's *Amended Complaint* (Docket No. 3) should be dismissed in its entirety because plaintiff unreasonably failed to use defendant's internal grievances procedure without giving forth a single reason to report the offending harassment conduct to one of his supervisors or showing evidence that defendant's Corning Cable's internal grievances procedure would result in a "patently futile" effort.    Defendants request the Court to revisit the notified decision and reconsider its findings supporting the Court's conclusion denying Defendants' motions for summary judgment.

*I.*

At the outset the Court notes that defendants have stated in their motion to modify that its motion requesting leave to file a reply to the plaintiff's response to the defendants' objections to the R & R was not considered by the Court when the Opinion and Order was issued.  Firstly, it should be crystal clear that the Court is not obligated to consider each reply motion presented by a party when trying a case.  The undersigned's Standing Order issued on November 26, 2003, *In re Civil Case Management*, clearly provides that Replys and Surreplys **are allowed as additional filings subsequent to the filing <u>of a dispositive motion</u>**.  Likewise, the undersigned's Standing Order is

clear and self-explanatory as to the facts that said motions **are strongly discouraged** and **should only be filed if absolutely necessary**.  **The Standing Order is not intended to provide that a litigant may file a Reply and Surreply to each motion filed by an opposite party, and definitely a Reply to objections to an R & R is not even contemplated in the undersigned's Standing Order nor in the Federal Rules of Civil Procedure**.  Furthermore, the Order Setting the Initial Scheduling and Case Management Conference (Docket No. 9) provides that the parties may file Reply and Sur-Reply only if absolutely necessary.  Hence, defendants request for leave to file its Reply should be deemed as moot since leave had prior thereto been granted by the Court at the ISC Order.  Notwithstanding, defendants moves the Court to accept said motion as a Motion for Reconsideration, and since the function of the motion, and not its caption, dictates which Rule is applicable, Perez v. Cucci, 932 F.2d. 1058, 1061 n.10 (3rd Cir. 1991), the defendants' *Motion Requesting Leave to File a Tendered Reply to Plaintiff's Response to Defendant's Objections to the Report and Recommendation* (Docket No. 54) shall be entertained as a Motion for Reconsideration pursuant to Rule 59(e).

      Motions for reconsideration are generally considered either under Fed. R. Civ. P. 59 or Rule 60, depending on the time such a motion is served. Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir., 1993). Whether under Rule 59 or Rule 60, a motion for reconsideration cannot be used as a vehicle to relitigate and/or rehash matters already litigated and decided by the Court. Standard Quimica de Venezuela v. Central Hispano International, Inc., 189 F.R.D.202 , n.4 (D.P.R., 1999). These motions are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in law. See Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir., 1994) *citing* F.D.I.C. Ins. Co. v. World University, Inc. 978 F.2d 10, 16 (1st Cir., 1992); Cherena v. Coors Brewing Com. 20 F. Supp. 2d 282, 286 (D.P.R., 1998); see also National Metal Finishing Com. v. Barclaysamerica/Commercial, Inc., 899 F.2d 119, 124 (1st Cir., 1990). Hence, this vehicle may not be used by the losing party "to repeat

old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier". Id at 123. See also, Waye v. First Citizen's National Bank, 846 F. Supp. 310, 314 n.3 (M.D.Pa., 1994) (a motion for reconsideration is unavailable if it simply brings a point of disagreement between the court and the litigant, or to reargue matters already properly prior thereto disposed).

The Federal Rules of Civil Procedure do not specifically provide for the filing of motions for reconsideration. Sierra Club v. Tri-State Generation and Transmission Assoc., Inc., 173 F.R.D 275, 287 (D.C. Col, 1997); Hatfield v. Board of County Comm'rs for Converse County, 52 F.3d 858, 861 (10th Cir., 1995). Notwithstanding, any motion seeking the reconsideration of a judgment or order is considered as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) if it seeks to change the order or judgment issued. Id. Further, although Rule 59(e) refers to judgments, i.e rulings that are appealable, Rule 59(e)'s legal standards will be applied to motions for reconsideration of interlocutory orders. Waye v. First Citizen's National Bank, 846 F.Supp. 310 (request for reconsideration of an interlocutory order denying plaintiff's motion for a default judgment); Atlantic Sales Legal Foundationn v. Karg Bros. Inc., 841 F.Supp. 51, 55 (N.D.N.Y., 1993) (motion for reconsideration of an order granting in part and denying in part a motion for summary judgment); Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99F.R.D 99 (E.D Va., 1983) (motion for reconsideration of order denying motion to dismiss).

As a general rule, motions for reconsideration should only be exceptionally granted. As the Western District Court of Pennsylvania has wisely explained:

> [M]otions for reconsideration must be strictly reviewed for at least four reasons. First, it would tend to undercut the court's first decision and transform it into an advisory opinion, which is prohibited. Second, motions for reconsideration run counter to the operation of the Federal Rules of Civil Procedure, which provide all the necessary safeguards to promote fair decisions. Third, broad interpretation of motions for reconsideration is not supported by controlling precedent. And last but not least, reconsideration of

>  dispositive decisions...hinders the court's ability to decide motions awaiting resolution that have yet to be reviewed once, let alone twice. Williams v. City of Pittsburgh, 32 F.Supp. 2d 236, 238 (W.D. Penn. 1998).

Thus, in interest of finality, at least at the district court level, motions for reconsideration should be granted **sparingly** because parties should not be free to relitigate issues a court has already decided. Id. (*citing* New Chemic (U.S), Inc. v. Fire Grinding Corp., 948 F.Supp. 17, 18-19 (E.D Pa. 1996). "Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly". Williams v City of Pittsburgh, 32 F.Supp.2d at 238.

"A motion for reconsideration of an order to grant [or deny] summary judgment is treated as a motion under Rule 59(e) of the Federal Rules of Civil Procedure". Trabal Hernandez v.Sealand Service, Inc., 230 F.Supp.2d 258, 259 (D.P.R., 2002); Rosario Rivera v. PS Group of P.R., Inc., 186 F.Supp.2d 63, 65 (D.P.R., 2002). "These motions should be granted to correct "manifest errors of law" or to present newly discovered evidence". Trabal Hernandez v. Sealand Services, Inc., 230 F.Supp.2d at 259; F.D.I.C v. World Univ. Inc., 978 F.2d 10,16 (1st Cir.,1992); Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d at 123. Rule 59(e) motions cannot be used "to raise arguments which could have been raised prior to the issuance of the judgment". Pacific Insurance Company v. Am. Nat'l. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir., 1998) "Neither are Rule 59(e) motions appropriate 'to repeat old arguments previously considered and rejected'." Trabal Hernandez v. Sealand Services, Inc. 230 F.Supp. 2d at 259; Nat'l Metal Finishing Co. Trabal Hernandez v. Sealand Services, Inc., 899 F.2d at 123; Colon v. Fraticelli-Viera 181 F.Supp.2d 48, 49 (D.P.R, 2002). **Hence, "motions for reconsideration are 'extraordinarily remedies which should be used sparingly'."** Trabal Hernandez v. Sealand Services, Inc., 230 F.Supp.2d at 259; Nat'l Metal Finishing Co. Trabal Hernandez v. Sealand Services, Inc., 899 F.2d at 123; and are **"typically denied"**, 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §§ 2810.1 at 128 (2d ed.

1995). (*Emphasis added*).  With these parameters as guidelines, the Court reviews plaintiffs' request for reconsideration as to its previous decision denying defendants' request for summary disposition.

## II.

After a thorough review of Defendants' motions for summary judgment, Plaintiffs' oppositions, the Magistrate's Report and Recommendation and Plaintiffs' objections thereto, this Court **Grants in part (as to the filing) and Denies in part (as to the substantive request)** defendants' *Motion to Modify Opinion and Order*.  Defendants' allege that this Court issued and opinion without taking into consideration defendants' *Motion Requesting Leave to File a Tendered Reply to Plaintiff's Response to Defendant's Objections to the Report and Recommendation* (Docket No. 57).  The Court disagrees. Defendants' motion although not mentioned by name or docket number in the *Opinion and Order* was duly taken into account at the time this court issued its opinion. However, even if the Court did not take defendants' motion in consideration at the time the Opinion was issued, the Court finds that defendants merely re-stated arguments previously raised at the filing entitled *Objection to Magistrate Judge's Report and Recommendation* (Docket No. 51).

Defendant's first argument is that Perdomo failed to report the purported racial harassment through Corning's internal grievance procedure and therefore plaintiff complaint should be dismissed in its entirety because plaintiff unreasonably failed to use defendant's internal grievances procedure without providing a single reason to report the offending harassment conduct to one of his supervisors or showing evidence that defendant's Corning Cable's internal grievances procedure would result in a "patently futile" effort. As to defendants' first argument the Court concluded in its previous opinion "that Perdomo-Rosa had a reasonable belief as to the outcome of the grievance procedure" since the Corning's employees which were called to address the grievances to be presented by Perdomo-Rosa are the same persons which incurred in the discriminatory conduct alleged by the Plaintiff.  The Court after reviewing defendant's arguments at their motion to modify, etc., finds as it did in its Opinion and

Order (Docket No. 55) that elevating the claim to Betancourt was speculative and involved issues of credibility as to what the outcome might have been depending on Betancourt conduct/statements or how he would have handled the matter. The Court finds as it previously did that the issues presented are of motive and intent, and speculative all of which the Court is precluded from determining at the summary judgment stage. Greenburg v. Puerto Rico Maritime Shipping Auth., 835 F.2d at 936 (no room for credibility issues). Determinations of motive and intent, particularly in discrimination cases, are questions better suited for the jury. (Mulero-Rodriguez v. Ponte Inc., 98 F.3d 670, 677 (1st Cir. 1996)). As the Court previously stated in its Opinion and Order (Docket No. 55) this is a matter that is to be fully addressed before a jury.

Further, defendants' challenge the Court's conclusion that they had failed to establish the second prong of the Faragher/Elleerth affirmative defense. As stated in the motion to modify Opinion and Order, the arguments presented by Corning were taken into consideration, as previously alleged, by this court. The Court's opinion was "that Perdomo-Rosa had a reasonable belief as to the outcome of the grievance procedure" as stated in the Opinion and Order at page 13. Moreover, as stated by the defendant in his Reply Motion at page 2, Perdomo believed that Julio Nieto and Lydia Vazquez Human Resources Managers were directly involved in the alleged harassing conduct which made unreasonable and futile the use of defendants' internal grievance procedure.

The defendants ground its *Motion to Modify Opinion and Order* in the alleged fact that the plaintiff has a friendship relationship with Mr. Jose Betancourt. Furthermore the defendant expected that the plaintiff should have used or abused his personal six (6) year relationship by presenting his complaint directly to Mr. Jose Betancourt (Plant Manager) for an alleged mistake of the Human Resources staff. Moreover, the defendants also presented in its Reply Motion a series of admissions made by the plaintiff that prove the friendship between him and Betancourt. This matter was also addressed in the Opinion and Order at page 13 stating: "Elevating the claim to Betancourt is

speculative and involves issues of credibility as to what the outcome might have been depending on Betancourt's statements and/or issue of motive and intent of how Betancourt would have handled the matter all of which the Court is precluded from determining at summary judgement stage". Greenburg, 835 F.2d at 936; Mulero-Rodriguez v. Ponte Inc., 98 F.3d at 677 .

After careful examination of Defendants' *Motion for Reconsideration*, the Court finds that Defendants' motion is a reinstatement of arguments **previously considered** and **rejected** in the Court's Opinion and Order (Docket No. 55). As previously stated, a request for reconsideration cannot be used merely to reargue a point already decided. Barret v. Lombardi, 239 F.3d 23, 28 (1st Cir,. 2001) *citing* Cody Inc., v. Town of Woodbury, 179 F.3d 52, 56 (2d Cir., 1999); Cashner v. Freedom Stores Inc., 98 F.3d 572, 577 (10th Cir., 1996).

A reconsideration of a previously issued Order is "addressed to the sound discretion of the trial court." Lepore v. Vidockler, 792 F.2d 272, 274 (1st Cir., 1986) quoting Pagan v. American Airlines Inc., 534 F.2d 990, 993 (1st Cir., 1976). The Court may grant a party's motion for reconsideration if the movant presents new evidence not previously available, an intervening change in controlling law or the need to correct a clear error of law or to prevent manifest injustice. Dodge v. Susquehanna University, 796 F.Supp. 829, 830 (M.D Pa., 1992). To the extent that the motion for reconsideration merely requests the Court to revisit Defendants' previous allegations, all of which were carefully considered by the Court at the Opinion & Order in one way or another, the request should be refused.

Defendants in the instant case failed to establish that the Court's *Opinion and Order* suffers from "manifest errors of law" that should be corrected Trabal Hernandez v. Sealand Service, Inc., 230 F.Supp. 2d at 259. Neither did the defendants bring forth newly discovered evidence that the Court should consider, nor an intervening change in controlling law or the need to prevent manifest injustice, in order to be entitled to the relief sought. Dodge v. Susquehanna University, 796 F.Supp. at 830. A motion for reconsideration is not the means to simply raise a point of disagreement between the court

and the litigant. Waye v. First Citizen's National Bank, 846 F.Supp. at 314 n.3. Further, plaintiffs have failed to bring forth any evidence to justify relief pursuant to Rule 60(b). In sum, Defendants have failed to establish that this is a unique situation " where principles of equity *mandate* relief" Jinks v. Alliedsignal Inc., 250 F.3d at 387 quoting Olle v. Henry & Wright Corp., 910 F.2d at 365, *(emphasis in the original)*, that justifies that the extraordinarily remedy requested should be granted. Defendants simply request the Court to reconsider arguments that were already discussed at this Court's order. However, this tool is not a means for a party to request the Court "to rethink a decision it has already made, rightly or wrongly." Williams v. City of Pittsburgh, 32 F.Supp. 2d at 238.

Motions for reconsideration are an extraordinary remedy which should be sparingly granted. Trabal Hernandez v. Sealand Services, Inc., 230 F.Supp.2d at 259; Nat'l Metal Finishing Co. Trabal Hernandez v. Sealand Services, Inc., 899 F.2d at 123. Defendants have failed to bring forth anything that would entitle them to a remedy. Accordingly, Defendants *Motion for Reconsideration* (Docket No.57) is hereby **GRANTED in part** as to admitting defendants' *Motion Requesting Leave to File a Tendered Reply to Plaintiff's Response to Defendant's Objections to the Report and Recommendation* (Docket No. 54) as a Motion for Reconsideration duly considered on the merits **and DENIED in part** as to the granting of the substantive remedies requested. **The Court hereby schedules a Status/Settlement Conference for the 26th day of October 2005 at 5:00 p.m.**

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 27th day of September 2005.

> S/ DANIEL R. DOMINGUEZ
> DANIEL R. DOMINGUEZ
> U.S DISTRICT JUDGE